PATRICK J. QUINN and JOHN GAULT, Appellants, *v.* SPENCER ALDRICH, Respondent.

*Building loan contract — order drawn in favor of a third party — rights acquired thereunder.*

An owner of land had a building loan contract with one Vandewater, which provided that the money to be paid for a building was to be advanced by the owner, as the building progressed, in fifteen payments of $10,000 each, no part being payable until after the production to the owner by Vandewater of the certificate of one Rider that the work had progressed to the points mentioned in the contract and had been constructed as therein required; the contract also provided that the owner might at his option advance money at other times than as specified.

Vandewater having given to third parties an order upon the owner to pay $500 out of the ninth payment when that payment became due and payable, this order was presented to the owner, who acknowledged its receipt, stating that when Vandewater was entitled to the ninth payment, he would reserve $500 out of that payment with which to pay the order.

The owner thereafter paid Vandewater $6,500 on account of the ninth payment, and $500 on the tenth payment; and the holders of the order thereafter brought an action against the owner to recover the $500 represented by their order.

*Held,* that the plaintiffs could not recover, in the absence of proof that Vandewater had become entitled to the ninth payment by having completed the preliminary steps required by the contract.

APPEAL by the plaintiffs, Patrick J. Quinn and John Gault, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 31st day of August, 1892, upon a dismissal of the complaint at the New York Circuit.

*A. C. Thomas,* for the appellants.

*W. B. Dall,* for the respondent.

VAN BRUNT, P. J.:

The defendant had a building loan contract with one Vandewater which provided for payments, fifteen in number, each in the sum of $10,000.

Among the other payments provided for by said contract was the ninth payment, called the "brown mortar rough plumbing boilers payment," and the tenth payment, called .the "white mortar, and iron stairs payment," in the pleadings.

The contract also provided that if the builder should proceed to and erect the buildings as in said contract agreed and should produce to the defendant the certificate of W. J. Rider that the work thereon had progressed to the points in said contract mentioned, and that the same had been in all respects constructed as therein required, the defendant would advance to said Vandewater said loan, no installment or part thereof being payable until forty-eight hours after the certificate of said Rider should have been furnished to defendant.

It also provided that if at any time that said house should have progressed so far that an installment of said loan was payable, there should be any lien thereon other than the lien of certain mortgages therein mentioned, the said installment should not be advanced until said lien was removed; and also that the defendant might at his option advance money at other and different times than was specified, and when so advanced the same should be considered as an advance upon the installment or installments next thereafter to become due.

It appears that Vandewater on the 23d of March, 1890, gave to

the plaintiffs an order upon the defendant to pay them $500 out of the ninth or brown mortar, etc., payment, when said payment became due and payable. This order was presented to the defendant, who acknowledged its receipt and returned the same, having had a copy made for himself, the defendant stating that when Vandewater was entitled to said ninth payment he would reserve the said $500 out of said ninth payment with which to pay the said order. The defendant paid to Vandewater, after notice of said order, on account of said ninth payment, sums amounting to $6,500, and also paid $500 on the tenth payment. And this action was brought to recover the $500 represented by said order.

It is urged upon the part of the appellants that the order in question was an assignment of the moneys thereafter to become due to Vandewater on the ninth or brown mortar payment, and constituted a first lien thereon. But it is insisted upon the part of the respondent that the plaintiffs, as equitable assignees of Vandewater, had no greater or other rights than their assignor.

In considering the rights of the parties it may not be amiss to examine the terms of the acceptance of the order by the defendant, and also the claims which such order gave the plaintiffs upon the defendant.

The agreement of the defendant was to pay when Vandewater was entitled to the ninth payment under the contract.

It seems to be clear that there was no promise upon the part of the defendant to pay until the builder was entitled to the ninth payment according to the terms of the contract. There was no evidence that Vandewater was ever entitled to the ninth payment, he never having completed the preliminary steps to entitle him to such payment. The mere fact that the defendant chose to advance to Vandewater certain moneys on account of that ninth payment, leaving sufficient due thereon to meet the order given to the plaintiffs, does not justify the plaintiffs in claiming that he has been defrauded of any of his rights. He is only entitled to claim against the defendant when the builder is entitled to the ninth payment, and that has never been shown. And it is entirely immaterial what arrangements the defendant and Vandewater made between themselves in reference to this payment. The defendant had a right to give Vandewater any money that he pleased, or as much as he

pleased, or on what account he pleased.   But when Vandewater or his assignee comes to claim as a matter of right, money from the defendant, he must show that he has fulfilled his contract, and has done those things which the contract requires to be done, before he can insist upon such payment.   This the plaintiffs have not done. They have not shown that the work was completed which entitled Vandewater to the ninth payment.   Neither have they produced the required certificate.

As to the claim made by the plaintiffs that they are entitled to the first money paid upon the ninth payment, there seems to be no foundation therefor.   They were to be paid when the ninth payment was due, and it is entirely immaterial whether it was the first or the last that they got.   Until that whole payment was due they were not entitled to anything.

We think, therefore, that the learned court below was right in dismissing the complaint, as no cause of action was made out, and the judgment should be affirmed, with costs.